MELVIN A. ALLEN *vs.* WILLIAM G. MORSE and another.

Oxford.   Opinion July 30, 1881.

*Stat. 1874, c. 234.   Tax deed.*

A tax deed which shows on its face that the sale was illegal, is not sufficient for the purposes mentioned in stat. 1874, c. 234.

A tax deed which purports to convey the whole of the real estate while the recitals show that it was necessary to sell a part only, would convey no title to the purchaser.

To sell a separate and distinct portion of a farm to pay the taxes assessed upon the whole of it, would be illegal.   The only legal course is to sell the whole, or, when possible, an undivided fraction of the whole.

ON EXCEPTIONS.

Writ of entry to recover possession of a lot of land in Buck-field, to which the plaintiff claimed title by virtue of the following deed from the collector of taxes :

(Deed.)

" State of Maine.   To all people to whom these presents shall come.   I, Nathaniel T. Shaw, collector of taxes for the town of Buckfield, in the county of Oxford and State of Maine, for the year one thousand eight hundred and seventy-three, legally chosen and sworn, send greeting :

" Whereas, the assessors of the town of Buckfield for the year aforesaid, legally chosen and sworn, have, agreeably to law, assessed the real estate hereinafter described in the sum of thirty-nine dollars and thirty-eight cents, taxed to Levi Turner, as resident proprietor of land in said Buckfield, which in their list of assessment they have committed to me, collector of said town, to collect, and whereas no person has appeared to discharge said tax, although I have advertised the same by posting notices of the non-payment of said tax for the term of nine months from the date of said assessment and of my intention to sell so much of said real estate as would be necessary to discharge said tax and all intervening charges, at three public places in said town

where warrants for town meetings are required to be posted, six weeks before the day of sale; and at least ten days before the sale, I delivered to the owner a written notice signed by me, stating the time and place of sale and the amount of tax due.

"Therefore, know ye, that I, Nathaniel T. Shaw, collector of taxes as aforesaid, in consideration of the sum of forty-two dollars and eighty-eight cents, to me paid by Melville A. Allen, of Buckfield, in the county of Oxford, and State of Maine, have granted, bargained, and sold, and do hereby grant, bargain, sell, and convey to the said Melville A. Allen, his heirs and assigns forever, the following described real estate situated in said town of Buckfield, viz : A pasture lot, a part of Thayer lot so called, being a part of said Turner's homestead farm, and bounded as follows : North, by county road leading from North Buckfield to Paris Hill, and by Joseph Damon's land; east, by Sylvester Damon's land; south, by M. J. Damon and C. Woodbury's land; and west, by C. Thayer's land, containing twenty acres, more or less.

"The same having been struck off to the said Melville A. Allen, he being the highest bidder therefor, and it being necessary to sell a part of the real estate so assessed and advertised, at a public auction, legally notified and holden at the post office in Buckfield village in said Buckfield, on the thirty-first day of May, 1875.

"To have and to hold the same to the said Melville A. Allen, his heirs and assigns, to his and their only proper use and behoof forever; subject however, to the right of redemption of the owner thereof, or his heirs and assigns, at any time within the time specified by law.

"And I do covenant with the said Melville A. Allen, his heirs and assigns, that I gave notice of the intended sale of the said real estate according to law, and that in all respects in the premises, I have observed the directions of the law, whereby I have good right and full power to sell and convey the premises to the said Melville A. Allen, to hold as aforesaid.

"In witness whereof, I have hereunto set my hand and seal, in my capacity as collector aforesaid, this second day of June, Anno Domini eighteen hundred and seventy-five.

Nathaniel T. Shaw, Collector." [Seal.]
Duly executed, acknowledged and recorded.

At the trial, the presiding justice ruled *pro forma* that the deed was not sufficient to make out a case for the plaintiff, and as the plaintiff proceeded no further, a nonsuit was ordered.

*O. H. Hersey* and *George D. Bisbee*, for the plaintiff.

The plaintiff "produced in evidence the collector's deed duly executed and recorded," and was "entitled to judgment in his favor," no other evidence being introduced on either side. Stat. 1874, c. 234; Stat. 1878, c. 35.

*Black and Holt*, for the defendants, cited : *Keene* v. *Houghton*, 19 Maine, 368 ; *Lovejoy* v. *Lunt*, 48 Maine, 377 ; *French* v. *Patterson*, 61 Maine, 203 ; *Greene* v. *Lunt*, 58 Maine, 532 ; *Nason* v. *Ricker*, 63 Maine, 381 ; *Phillips* v. *Sherman*, 61 Maine, 551.

WALTON, J. The statute of 1874, c. 234, declared that in the trial of any action involving the validity of a sale of real estate for the non-payment of taxes, it should be sufficient for the party claiming under it, in the first instance, to produce in evidence the collector's deed, duly executed and recorded, and then he should be entitled to judgment in his favor, unless the party contesting such sale should prove to the court that he, or the person under whom he claims, had paid or tendered the amount of all such taxes and the legal charges and interest thereon, and then he might be permitted to prosecute or defend, etc. The question is whether a deed which shows upon its face that the sale was illegal is sufficient for the purposes mentioned in the statute.

We think it is not. It could never have been the intention of the legislature to make a deed, which, upon its very face, shows the sale to have been illegal, evidence of title for any purpose. Such a deed does not prove, it disproves, the demandant's title, and shows that he is not entitled to prevail. It cannot be nec-

essary for the adverse party to produce evidence to defeat the demandant's title, when, by his own showing, he has no title. Such was the decision in *Orono* v. *Veazie*, 57 Maine, 517, and the statute then in force differed from the statute of 1874 only in the amount of documentary evidence required to make out a *prima facie* case of title and cast the burden of paying the taxes upon the party contesting it.

The objection made to the deed on which the plaintiff in this case relies is that, it purports to convey the whole of the real estate taxed, while its recitals show that it was necessary to sell a part only. We think the objection is well taken. The deed does purport to convey the whole of the real estate on which the tax was assessed, while the collector has very carefully stated that it was necessary to sell a part only. Such a sale would be illegal, and would convey no title to the purchaser. And the error cannot be regarded as a mere inadvertence, for the words "in part" are interlined in ink in a printed blank, and the words "the whole," which were printed in the blank, are erased; and the words "no person offering to pay the taxes and legal charges for a fractional part of said real estate," which were printed in the blank, and were intended to show a necessity and justification for selling the whole, are also erased. It is clear, therefore, that it was not necessary to sell the whole, while the deed does in fact convey the whole.

It may be, as suggested by the defendants' counsel, that the tax was assessed upon the whole farm, and that the collector undertook to sell only that portion of the farm which composed the pasture, thinking he had a right so to do. Such is not the meaning of the language used in the deed. But suppose this explanation to be true, and that the language used in the deed would bear this interpretation, it does not relieve the sale of its illegality. To sell a separate and distinct portion of a farm to pay the taxes assessed upon the whole of it, would be as illegal as to sell the whole when it is only necessary to sell a part. The only legal course is to sell an undivided fraction of the whole; as, for instance, one fourth, one third, one half, or three-tenths, four-tenths, seven-tenths, etc. That is what is meant by the

statute which authorizes the collector to sell "so much of such real estate, or interest, as is necessary to pay the tax," etc.

The collector's deed on which the plaintiff relied, not showing a sale *prima facie* legal, but a sale *prima facie* illegal, we think a nonsuit was properly ordered.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.