JOHN D. HAMILTON v. WILLIAM W. POWERS AND CHARLES W. POWERS.

*Bills and notes — Indorsement — Pleading — Declaration — Notice — Amendment.*

In this case the indorsements appearing upon the notes received in evidence were not correctly set up in the declaration; and it is held that an amendment should have been allowed in the furtherance of justice, if asked for, which was not done, and the judgment is reversed.

Error to Oceana. (Dickerman, J.) Argued April 16, 1890. Decided April 25, 1890.

*Assumpsit.* Defendants bring error. Reversed. The facts are stated in the opinion.

*James Brassington,* for appellant.

*Rutherford & Sackrider* (*W. E. Ambler,* of counsel), for plaintiff.

LONG, J. This suit was brought in Oceana county on two promissory notes. The defendants were copartners in business under the firm name of Powers Bros., and were payees in and indorsers upon the notes. The declaration was on the common counts in *assumpsit.* The notes and indorsements were set out in the declaration, under the usual notice, as follows:

"$1,500. FERRY, OCEANA COUNTY, MICH., July 3, 1887.
" Three months after date we promise to pay to the order of Powers Bros., fifteen hundred dollars at J. D. Hamilton & Co.'s office, Campbell, N. Y. Value received.
" FOGG & HIGHTOWER."

Indorsed on back as follows:

"Pay to the order of Knox & Hamilton. POWERS BROS."
" KNOX & HAMILTON."

"Pay S. H. Storrs, cashier, or order.    J. D. HAMILTON & CO."

"1,500.              FERRY, OCEANA COUNTY, MICH., August 3, 1887.

"Three months after date we promise to pay to the order of Powers Bros., fifteen hundred dollars, at J. D. Hamilton & Co.'s office, Campbell, N. Y.   Value received.

"FOGG & HIGHTOWER."

Indorsed on back as follows:

"Pay to the order of Knox & Hamilton.    POWERS BROS."

"Pay Hamilton, Martin & Co., or order."

"Pay S. H. Storrs, cashier, or order."

The plea was the general issue.   On the trial plaintiff called Charles A. Knox as a witness, who testified that he was familiar with the signatures of Fogg & Hightower, and that they signed the notes; that he saw Powers Bros. sign the indorsements thereon; and that, after their indorsement by Powers Bros., he sent the notes to the plaintiff for discount.   Plaintiff then offered the two notes in evidence.   Defendants' counsel objected to their introduction in evidence on the ground that—

"It was incompetent under the pleadings, a copy of the indorsements served on the defendants not being a true copy of the indorsements now on the note, and that the title of note, as shown by the indorsements given in the declaration, is shown to be in some one else."

This objection was overrulled, and the notes received in evidence.   Plaintiff then offered the indorsements of Powers Bros., and the certificates of notice and protest, and proved the signatures on the back.   This was received subject to the same objections.   The certificate of demand and protest was in the usual form, and sufficient to hold the indorsers.

The record presented to us shows that the following indorsements appeared upon the back of the notes.   On the first:

"Pay to the order of Knox & Hamilton.        POWERS BROS."

A line was drawn across the following indorsement:

" Pay Hamilton, Martin & Co. or order.
" KNOX & HAMILTON."
And the following indorsement:
" Pay John D. Hamilton or order.      KNOX & HAMILTON,"—
Was not put in evidence, and is not stricken out.

On the second note appeared the following:
" Pay to the order of Knox & Hamilton.      POWERS BROS."
A line was drawn across the following indorsements:
" KNOX & HAMILTON."
"Pay S. H. Storrs, cashier, or order.
" J. D. HAMILTON & CO."
A line was drawn across the following indorsement:
" Paid by and the property of J. D. Hamilton.
" J. D. HAMILTON & CO."
The following indorsement was not stricken out, and was not put
in evidence:
" Pay John D. Hamilton or order.   KNOX & HAMILTON."

Plaintiff then recalled the witness Knox, who gave testimony, under defendants' objection, showing that the notes were the property of John D. Hamilton, the plaintiff, at the time of the commencement of the suit. He also testified that after the notes were executed and indorsed by Powers Bros., he sent them forward to J. D. Hamilton for Powers Bros., and procured the money on them.

Errors are assigned upon the rulings of the court in admitting the notes in evidence, and also in permitting the plaintiff to give parol evidence of the ownership of the notes. It is insisted that the plaintiff should not have been permitted to put the notes in evidence, for the reasons:

1. That the indorsements set out, under the notice, did not show title to the notes in plaintiff.

2. That the indorsements upon the notes did not correspond to the indorsements set out in the declaration.

3. That the plaintiff did not offer the indorsements of Knox & Hamilton to the plaintiff appearing upon the notes in evidence, and the admission of parol evidence to show title in the plaintiff was incompetent.

4. That the notices of protest show that at the time of

the protest the title to the notes was in the bank of Campbell, of New York.

5. That, the suit being brought against the indorsers alone, without joining the makers, plaintiff should have declared specially in a count of indorsee against indorser.

6. That the defendants had a right to rely, and did rely, upon the copies of notes and indorsements appearing in the declaration, which showed the title in third parties.

It appears, from an examination of the indorsements upon the notes as they were put in evidence, that Powers Bros. indorsed them over to Knox & Hamilton, and that Knox & Hamilton indorsed them to John D. Hamilton, the plaintiff, and that the other indorsements had been stricken out. These indorsements, therefore, as they appeared upon the notes, placed the legal title in the plaintiff. The defendants could not object to the indorsements made and stricken out. They were in no manner affected by them. They were the payees and first indorsers, and the notes were discounted by them for value to the plaintiff in this case. They do not deny liability upon the notes, except such as is drawn from their plea of the general issue. They do not deny the execution of the notes, but admit it by the plea, and the only point contained in their objection worthy of any notice is that the declaration does not set out these indorsements as shown upon the notes, and the failure of plaintiff to put in evidence the indorsement of Knox & Hamilton to John D. Hamilton, the plaintiff. The fact of such indorsement appears upon the notes, but it is conceded by the record presented to us that plaintiff failed to introduce the same in evidence; so that the case, as made, showed the title in Knox & Hamilton, and not in the plaintiff, unless it was competent to show it by the parol evidence.

No motion appears to have been made to amend the dec-

laration by stating these indorsements under the notice. As it appears, however, under the notice, Knox & Hamilton's indorsement of the first note was in blank, and the suit could have been maintained in the name of the plaintiff upon that, as he had the right to make it payable to himself by proper indorsement of the necessary words therefor, and, being the owner and holder, could maintain the suit in his own name. As to the other note, the title stood, so far as shown by the indorsements under the notice in the declaration, in Knox & Hamilton. In the furtherance of justice the court should have allowed an amendment to the declaration if asked, in those particulars. As no recovery could be had as the declaration stands, a new trial must be awarded. It is not, therefore, important to determine whether the parol evidence was competent for the purpose of showing the title in plaintiff.

The judgment of the court below must be set aside, and a new trial ordered, with costs.

The other Justices concurred.