The decree is affirmed, with costs.

HOOKER, LONG, and GRANT, JJ., concurred. MONT-GOMERY, C. J., did not sit.

---

### ST. JOHNS TABLE CO. *v.* BROWN.

1. BILLS AND NOTES — ACTION BY INDORSEE — PLEADING AND PROOF.

   An indorsee suing on a note must plead and prove his title thereto.

2. SAME—RECEIVERS.

   Where plaintiff in an action on a note claims through the indorsement of a receiver, the appointment and authority of the receiver must be shown.

Error to Clinton; Stone, J. Submitted April 18, 1901. Decided May 7, 1901.

*Assumpsit* by the St. Johns Table Company against Edward Brown on a promissory note. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Reversed.

*Willard C. Lyon* ( *Edwin H. Lyon*, of counsel), for appellant.

*Lewis Severance*, for appellee.

MOORE, J. The St. Johns Table Company sued defendant, Brown, by declaration on the common counts.

Notice is appended to the declaration that a certain promissory note will be given in evidence under the money counts, a copy of which is as follows:

"$338.66.  ST. JOHNS, MICH., Feb. 21st, 1894.

"Six months after date, for value received, I promise to pay to the order of St. Johns Manufacturing Company three hundred and thirty-eight and 66-100 dollars at the St. Johns National Bank, with eight per cent. interest after date.

[Signed]  "EDWARD BROWN."

No indorsement of the note by the payee is set out or claimed in the declaration, or in the notice of what would be given in evidence. Defendant pleaded the general issue.

Upon the trial plaintiff offered the note in evidence, together with what purported to be an indorsement, as follows: "Without recourse. St. Johns Manufacturing Company, by D. S. French, Receiver." No testimony was either given or offered to prove or tending to prove the indorsement. Objection was made to receiving the note because it was immaterial and incompetent, and not warranted by any allegation in the declaration, and also that, while the note purports to be indorsed by a receiver, defendant had no notice of any receivership, and no notice of any kind as to the authority of the receiver to indorse paper. The court admitted the note and indorsement in evidence without amendment of the declaration, and without any proof as to the authenticity of the indorsement, or of the fact of a receiver, or his authority, if there was a receiver. Plaintiff then asked its witness Petrie if the note in question was the property of plaintiff, and the question was answered in the affirmative, against the objection of incompetency. Plaintiff thereupon rested its case.

Defendant requested the court to direct a verdict in his favor, because:

1. No title to the note was set out in the declaration, or shown to be in plaintiff.

126 MICH.—38.

2. No proof was given of a receiver, or his authority, if there was one, to indorse the note in question.

The court overruled the motion. Defendant then claimed that, if the court held that plaintiff had made a *prima facie* case, it would necessitate an amendment by defendant, and that he was not prepared to proceed with the trial. The court offered defendant leave to amend his plea upon payment of terms and continuance of the case for the term. These conditions were not accepted, and the court directed a verdict for plaintiff of $522.96. Defendant brings error to this court.

The case is governed by the following cases: *Spicer v. Smith*, 23 Mich. 96; *Redmond v. Stansbury*, 24 Mich. 445; *Hinkley v. Weatherwax*, 35 Mich. 510; *Hamilton v. Powers*, 80 Mich. 313 (45 N. W. 580); *Newton v. Principaal*, 82 Mich. 271 (46 N. W. 234).

Judgment is reversed, and new trial ordered.

HOOKER, LONG, and GRANT, JJ., concurred. MONTGOMERY, C. J., did not sit.