Argued March 13, decided March 24, 1914.

## HOSKINS *v.* DWIGHT.

### (139 Pac. 922.)

**Statutes—Construction—Laws Adopted from Other States.**

1. When a statute of another state has been incorporated in the laws of this state, the interpretation by the court of last resort of the other state, made before the adoption of the statute in this state, governs its construction in this state.

**Taxation—Foreclosure of Tax Lien—Construction of Decree.**

2. Regardless of the power of the court to correct descriptions of land in tax proceedings, where the decree in a suit to foreclose a tax lien recited that the defendant was the owner of the northwest quarter of a certain section, and decreed that the plaintiff has a valid lien "against said property described as the northeast quarter" of the section, and the sheriff's return indorsed on the order of sale showed that he levied on and sold the northwest quarter of the section, though his deed described the land as the northeast quarter, the record showed such errors as prevented the proceedings from divesting defendant of his title to the northeast quarter.

[As to taxpayers' actions, see note in Ann. Cas. 1913C, 884.]

From Yamhill: PERCY R. KELLY, Judge.

Department 2.    Statement by MR. JUSTICE MOORE.

This is a suit by Hervey Hoskins against W. G. Dwight to determine an adverse interest in real property. The plaintiff asserts title to the northeast quarter, section 6, in township 3 south of range 5 west of the Willamette meridian in Yamhill County,

Oregon, by a sheriff's deed executed to him pursuant
to a sale of the premises under a decree of the Circuit
Court of the State of Oregon for that county, fore-
closing an alleged lien for taxes undertaken to be im-
posed upon such land during the time it was owned by
Alson G. Byers. The defendant claims title to the
same premises by a deed executed to him by Byers
subsequent to the delivery of the sheriff's original
deed to Hoskins. The cause, being at issue, was tried,
and from the evidence taken which is wholly docu-
mentary, the court found that the sheriff's deed was
void, and thereupon decreed that the defendant was
the owner in fee of the real property, that the plaintiff
had no estate or interest therein, that a sum of money
deposited by the defendant with the clerk as the
amount of taxes paid by Hoskins, including the interest
thereon and costs, be turned over to him; and he
appeals.                                    AFFIRMED.

For appellant there was a brief over the name of
*Messrs. McCain, Vinton & Burdett,* with oral argu-
ments by *Mr. James McCain* and *Mr. William T.
Vinton.*

For respondent there was a brief over the names of
*Mr. C. W. Talmage* and *Mr. George Willett,* with an
oral argument by *Mr. Talmage.*

MR. JUSTICE MOORE delivered the opinion of the
court.

A brief summary of the errors committed in the
proceedings undertaken to impose a tax on the prem-
ises, and in attempting to foreclose the alleged lien
therefor, including a sale of the land, which depart-
ures from the prescribed rules of procedure it is as-
serted support the decree, and render the sheriff's
deed void, will be given. Thus there were received in

evidence six original volumes, the top of each page of which was entitled "Assessment Roll for Yamhill County, Oregon, for the Year" 1904 to 1909, both included. From these records, excerpts have been entered on a separate sheet of an assessment-roll for that county which has been brought up and shows an assessment for each of the years named as follows: For 1904 and 1908 under the caption, "Name of Taxpayer," is written, "Byers, Alson G."; under the same title for 1905 and 1906 appear the words, "Byers, Alonson G."; and for 1907 and 1909 the name is written, "Byers, A. G." Beneath the designation, "Description of Land," are noted for each of the years referred to the following: "N. E. ¼ Sec. 6." In addition to such memoranda, and under the specification last mentioned, appear the abbreviations and figures, "T. 3 S., R. 5 W.," for 1906, and for 1909 there are also added, "T. 3, R. 5 W." Under the captions, "Section," "Township," and "Range," for the years 1904, 1905, and 1906, are noted the figures "6," "5," and "3," respectively, without indicating whether the figure "5" was intended to mean a township either north or south of any parallel of latitude adopted as a base, or the figure "3" as meaning a range east or west of the Willamette meridian, while under the same caption for the years 1907, 1908, and 1909 are written the figures "6," "3," and "52," respectively, without any other designation.

The extracts from the rolls mentioned show that, the tax imposed on the land for the year 1904 not having been paid, the premises, in consequence of each delinquency, were sold to Yamhill County January 15, 1906, for $8.53, the amount of the tax, interest, etc. The tax for the year 1905 was not paid, whereupon the land was again sold to the Eastern Investment Company December 22, 1906, for $7.30, the sum of the tax,

interest, etc.   The tax for the year 1906 not having been paid within six months after it became due, certificate of delinquency No. 10 was issued February 8, 1908, for $9.38, the amount of the burden, interest, etc., to Hervey Hoskins, the plaintiff herein, who at that time redeemed the premises from the prior sales by paying the purchasers $9.59 and $8.15, respectively, as the amounts due each.   The certificate stated that the name of the person to whom the real property was assessed was Alonson G. Byers, and described the premises as follows: "The N. E. ¼ Sec. 6, Twp. 3, R. 5." The plaintiff also paid the taxes charged against the land for the years 1907, 1908, and 1909, to wit, $20.87, $25.90, and $27.38, respectively.   No redemption having been made, and more than three years having elapsed from the date of the delinquency, a suit was instituted May 3, 1910, in the Circuit Court for Yamhill County, Oregon, by Hoskins against Byers to foreclose the lien of such taxes.   The complaint correctly described the real property.   An original summons issued therein was returned, with an indorsement thereon by the sheriff of that county to the effect that after due search and diligent inquiry he was unable to find the defendant Byers within the State of Oregon.   Thereupon Hoskins made an affidavit for the services of summons by publication, setting forth the substance of the complaint, the effort that had been made to serve the original summons personally, stating substantially that he had made due search and diligent inquiry for Byers within the State of Oregon, but had been unable to find him therein, or to ascertain his place of residence; that affiant in order to discover where the defendant in that case was, inquired in relation thereto of W. G. Henderson, the sheriff of Yamhill County, Oregon, who stated to plaintiff that he had been unable to find Byers, or learn of

his whereabouts; that about May 6, 1910, affiant inquired of Ross Car, who had been the defendant's neighbor when he had lived in such county, and he was informed by Car that he had not seen Byers for seven years; that Car further told the affiant that he had talked with members of the defendant's family, who stated that they had known nothing of him or of his whereabouts since his departure from that county seven years prior thereto. The affidavit further states in effect that Byers is a nonresident of Oregon, that his place of residence and postoffice address are unknown, and cannot be ascertained by the affiant after due diligence and inquiry, that personal service of the summons cannot be made upon Byers, and that the affidavit is made in good faith in order that service of the summons may be made by publication.

Based on the affidavit an order was made by the judge of that court May 16, 1910, that the summons be published in the "News Reporter," a newspaper published at McMinnville, in that county, once a week for a period of 60 days from the first publication thereof, and that, since Byers' place of residence and postoffice address were unknown, and could not be ascertained after due diligence, Hoskins was relieved from the necessity of mailing a copy of the summons to the defendant in that suit. Predicated upon such order an *alias* summons was issued and published as thus directed, the proof of which was made by the affidavit of the printer of the newspaper mentioned.

Byers having failed to appear or answer, a decree was given July 30, 1910, foreclosing the lien for the taxes, which burdens, with interest at the rate prescribed, amounted to $124.62 April 20, 1910, with interest thereafter at 15 per cent a year until paid, and the further sum of $23 as costs. A preliminary statement in the decree reads:

"That the said defendant Alson G. Byers was during the entire year of 1906, has ever since been, and now is the owner of the northwest quarter of section 6 in township 3 south of range 5 west of the Willamette meridian in Yamhill County, Oregon, and containing 158.59 acres, and that said real property was duly entered upon the tax-rolls of Yamhill County, Oregon, for said year 1906 under the name of said defendant Alson G. Byers, the owner of said property."

The concluding part of the decree, however, is as follows:

"It is therefore ordered, adjudged, and decreed by the court that plaintiff has a good and valid lien against said real property described as the northeast quarter of section (6) six in township (3) three south of range (5) five west of the Willamette meridian in Yamhill County, Oregon, and containing 158.59 acres."

An order of sale, containing a copy of the decree, was issued August 24, 1910, pursuant to which command the sheriff of Yamhill County published in the "News Reporter," the newspaper heretofore referred to, a notice of sale to the effect that on Saturday, September 24, 1910, at 10 o'clock A. M., in front of the courthouse door in that county, he would sell at public auction to the highest bidder, for cash, the lands first hereinbefore described, to satisfy the order of sale and accruing costs. Proof of publication of such notice was made by the printer of the newspaper.

The sheriff's return indorsed upon the order of sale is to the effect that pursuant to such writ he levied upon the northwest one-quarter of section 6, township 3 south of range 5 west of Willamette meridian in Yamhill County, containing 158.59 acres, and giving the printed notice above mentioned, and posting copies thereof in three designated places for four weeks successively, that at the time and place stated in the notices he sold the real property last above described

for $157.67 to Hervey Hoskins; he being the highest bidder therefor, and the sum so obtained being the best bid therefor.

Founded upon such sale the sheriff executed an original deed to the purchaser September 24, 1910, correctly describing the premises. He also executed to Hoskins confirmatory deeds May 29, 1911, and May 22, 1912, all of which were duly recorded.

Alson G. Byers, at San Francisco, California, March 19, 1912, for the expressed consideration of $10, executed to the defendant herein a quitclaim deed of all his interest in the real property first hereinbefore described. At the trial of this cause it was stipulated that Dwight had deposited with the clerk of the trial court $266.72, which included the amount of taxes paid by Hoskins on the land, with the interest and costs, and which sum was ordered to be paid by the plaintiff.

The statute in force when this suit was commenced declares generally that all taxes lawfully imposed upon real property shall create a lien thereon, which shall be prior to all other encumbrances upon the premises, except the lien for a tax for a subsequent year: Section 3684, L. O. L. After the expiration of six months from the time the taxes charged against real property become delinquent, it is incumbent upon the tax collector, upon demand therefor and payment of the taxes, penalty, and interest, to make out and issue to the person making the payment a certificate of delinquency against such land, which certificate shall be numbered and also contain certain specified statements: Section 3693, L. O. L. After the expiration of three years from the first delinquency of any tax included in a certificate of delinquency, the holder thereof may cause a summons to be served on the owner of the real property notifying him that he will apply to the Circuit Court of the county in which such

property is situated for a decree foreclosing the lien against the premises described in the certificate. The summons must contain certain statements, and be issued as directed: Section 3695, L. O. L. It shall be served and returned in the same manner as a summons in a civil action is served in the Circuit Court: Section 3696, L. O. L.

Application for a decree foreclosing a tax lien must be in writing, verified as other pleadings in a civil action, and shall contain the specifications required in a summons in a suit of this kind.

"In all judicial proceedings of any kind for the collection of taxes, assessments, and the penalties, interest, and costs thereon, all amendments may be made which by law can be made in any personal civil action pending in such court; and no assessment of property or charge for any of said taxes shall be considered illegal on account of any irregularity in the assessment-rolls or on account of the assessment-rolls not having been made, completed, and returned, within the time required by law, or on account of the property having been charged or listed in the assessment or tax-roll without any name, or with any other name than that of the owner; and no error or informality in the proceedings of any of the officers connected with the assessment, equalization, levying or collection of taxes shall vitiate or in any manner affect the tax or the assessment thereof; and any irregularities or informalities in the assessment-rolls or tax-rolls, or in any of the proceedings connected with the assessment or levy of such taxes, or any omission or defective act of any officer or officers connected with the assessment, equalization or levying of such taxes, may, in the discretion of the court, be corrected, supplied, and made to conform to law by the court": Section 3701, L. O. L.

1. The statute from which the foregoing excerpts have been quoted, or the substance thereof quoted, was enacted February 28, 1907, and is patterned after the laws of the State of Washington upon the same sub-

ject.   When the statute of another state has been incorporated in the laws of Oregon, the interpretation placed upon the enactment by the court of last resort of the state from which the law was taken and made before its adoption in this state governs the construction to be placed upon it in Oregon.   See *State* v. *Townsend,* 60 Or. 223, 229 (118 Pac. 1020), where the Oregon cases on this subject are collated.

It will be remembered that the assessment-roll referred to did not from the figures alone show whether the land assessed to Byers was situate in a township north or south of any stated parallel of latitude or in a range east or west of a given meridian.

Under the rule formerly prevailing in this state, when a sale of real property for the satisfaction of delinquent taxes was not predicated upon a decree foreclosing a lien given by statute therefor, it was held that a failure specifically to indicate on the assessment-roll whether the township in which the land was situated was north or south, or the range east or west, of a point adopted as a basis for surveys of public lands rendered the attempted description of the premises so indefinite as to preclude their identification: *Martin* v. *White,* 53 Or. 319 (100 Pac. 290); *Sears* v. *Murdock,* 59 Or. 211 (117 Pac. 305).   The statute now in vogue making taxes charged against real property a lien thereon, and providing for the foreclosure thereof, gives the owner of the premises, upon whom a summons must be served, a day in court where he may present his defense, and affords him an opportunity to be heard before he can be deprived of his land, thereby avoiding the necessity of resorting to the hard-and-fast rule of summary proceedings undertaken by ministerial officers to collect the burden formerly imposed: *Washington T. & L. Co.* v. *Smith,* 34 Wash. 625 (76 Pac. 267).   In order to protect the rights of the taxpayer, it was essential to hold that, before title to

real property could be involuntarily alienated in a proceeding that was not judicial in character, every step required by the statute to assess, levy and collect the tax should have been strictly performed. Under the enactment as it now exists, his rights will be securely guarded by courts competent to afford him every protection that the law guarantees, and, this being so, there is no necessity for ordinarily invoking the rule of strict construction.

2. It will be assumed, without deciding the question, that the power granted by Section 3701, L. O. L., is sufficient to have authorized the court to correct the description of the real property and the given name of the taxpayer so as to make them conform to the facts. But, giving the decree foreclosing the lien the most liberal construction possible, it is not believed that the determination of the court is sufficient to divest the taxpayer of his title to the premises. It will be remembered that in the foreclosure suit the court found that Byers was the owner of the northwest quarter of section 6, etc., while the lien was barred as to the northeast quarter thereof, of which he was the owner.

The sheriff's return indorsed on the order of sale is to the effect that pursuant thereto he levied upon the northwest quarter of section 6, etc., and sold the same to Hoskins. The sheriff's deeds, however, correctly describe the land as the northeast quarter.

Considering the entire record before us, there are in the decree foreclosing the lien and in the sheriff's return noted upon the order of sale so many errors that we conclude the decree herein should be affirmed; and it is so ordered.                    AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE EAKIN concur. MR. JUSTICE MCNARY not sitting.