Argued October 3, reversed and remanded November 14, 1962

STATE HIGHWAY COMMISSION *v.*
WALKER ET UX
376 P. 2d 96

*J. Robert Patterson,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and L. I. Lindas, Assistant Attorney General, Salem.

*Frederick H. Starkweather, Jr.,* Gold Beach, argued the cause and filed the brief for respondents.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and DENECKE, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff, State of Oregon, acting through the medium of its state Highway Commission, from a judgment which the circuit court entered in favor of the defendants, husband and wife, in an eminent domain proceeding.

The state presents only one assignment of error; it reads:

"The trial court erred in overruling the plaintiff's attempt to exercise its peremptory challenge number three and in holding that plaintiff had exhausted its peremptory challenges even as to the one juror called to replace the one excused through the exercise by the defendant of its third peremptory challenge."

The state's brief declares:

"The only question to be presented on this appeal is the court's alleged error in refusing to permit plaintiff to exercise its third peremptory challenge to juror Charles Wooldridge, who had been placed in the jury box in place of a juror through the exercise by the defendants of their third peremptory challenge."

The defendants, referring to the Question Presented just quoted, state:

"* * * defendants feel a clearer way of expressing this would be to state that the Court refused to permit plaintiff to exercise a challenge plaintiff *claimed* to be its third and remaining challenge. * * *"

ORS 17.160 follows:

"The full number of jurors having been called shall thereupon be examined as to their qualifications, first by the plaintiff, and then by the defendant, and having been passed for cause, per-

emptory challenges shall be conducted as follows: The plaintiff may challenge one and then the defendant may challenge one, and so alternating until the peremptory challenges shall be exhausted. After each challenge, the panel shall be filled and the additional juror passed for cause before another peremptory challenge shall be exercised, and neither party is required to exercise a peremptory challenge unless the full number of jurors are in the jury box at the time. The refusal to challenge by either party in the said order of alternation shall not defeat the adverse party of his full number of challenges, and such refusal by a party to exercise his challenge in proper turn shall conclude him as to the jurors once accepted by him, and if his right of peremptory challenge be not exhausted, his further challenges shall be confined, in his proper turn, to such additional jurors as may be called. The court may, for good cause shown, permit a challenge to be taken to any juror before the jury is completed and sworn, notwithstanding the juror challenged may have been theretofore accepted, but nothing herein shall be construed to increase the number of peremptory challenges allowed."

ORS 17.155 grants each party in civil litigation "three peremptory challenges, and no more."

When the trial got under way twelve prospective jurors were called to the jury box and thereupon the parties examined them as to their qualifications; all twelve were passed by each party for cause. Then the parties proceeded with the exercise of their peremptory challenges. They did so in this order: The plaintiff (state) exercised one; the defendant exercised one; the state exercised a second; the defendant exercised a second; then the state waived, but the defendant exercised its third peremptory challenge. At this point Charles Wooldridge, mentioned in the

state's Question Presented, replaced the juror whom the defendant's third peremptory challenge had excused. Wooldridge, of course, was not in the jury box when the state declined to exercise its third peremptory challenge. After both parties had passed him for cause the state declared that it had one peremptory challenge remaining and that it excused Mr. Wooldridge. The defendant conceded that the state had exercised only two peremptory challenges but argued that under the procedure governing the exercise of peremptory challenges prescribed by ORS 17.160 the state was not entitled to exercise its third challenge. The trial judge sustained the defendant's objection.

The jury's verdict, which was unanimous, was in favor of the defendant and unsatisfactory to the state. We have mentioned that the sole contention presented by the state on appeal is that the trial judge erred when he refused to permit the state to exercise its third peremptory challenge.

ORS 17.160 was enacted in 1909 as Laws of Oregon 1909, Chapter 41, page 89. In 1869 the State of Washington enacted a statute reading as follows:

"The jurors having been examined as to their qualifications, first by the plaintiff and then by the defendant, and passed for cause, the peremptory challenges shall be conducted as follows, to wit:—

"The plaintiff may challenge one, and then the defendant may challenge one, and so alternately until the peremptory challenges shall be exhausted. The panel being filled and passed for cause, after said challenge shall have been made by either party, a refusal to challenge by either party in the said order of alternation shall not defeat the adverse party of his full number of challenges,

but such refusal on the part of the plaintiff to exercise his challenge in proper turn shall conclude him as to the jurors once accepted by him, and if his right be not exhausted, his further challenges shall be confined, in his proper turn, to talesmen only." § 4987, Ballinger's Codes and Statutes of Washington.

In 1902, seven years before our legislature enacted ORS 17.160, *State v. Vance*, 29 Wash 435, 70 P 34, dealt with a situation substantially similar to that which is now before us; and in so doing, ruled:

"* * * The state by waiving these two challenges did not thereby lose the right to exercise them afterwards on jurors not in the box when the challenges were waived. They simply relinquished their right to challenge the jurors then in the box. The situation after the defendant had exercised its fifth and sixth peremptory challenges was that the state was willing to take the twelve men as they were then in the box as the jury to try the case, and the announcement that the state was satisfied with the jury meant that the state was satisfied with the jury as it then stood, and that they waived their fourth peremptory challenge to the jury as it then stood. At that time, had the defendant's counsel refused to challenge further, under our statute the right of both parties to challenge would have been exhausted, because no new jurymen were called into the box after the waiver of their peremptory challenge. When the state announced that they waived the fourth peremptory challenge, the only reasonable construction that can be placed upon that is that they waived this challenge as to the jurors then in the box, but, if the personnel of that jury then in the box was changed by bringing in new men, then they had a right to exercise these challenges as to the new jurors. * * *"

The rule announced in the decision from which

we just quoted was reaffirmed in 1927 in *State v. Schmidt,* 141 Wash 660, 252 P 118, which declared:

"On the impaneling of the jury, when it became the state's turn to exercise its fifth peremptory challenge, the state's attorney announced that it would accept the jury. The defendant thereupon exercised his fifth peremptory challenge, and another juror was called to take the place of the one so challenged. On this juror the state exercised its fifth peremptory challenge. Another juror was then called and qualified, and the state, being called upon to exercise its sixth peremptory challenge, again announced that it would accept the jury. The defendant then exercised his sixth peremptory challenge. Another juror was then called against whom the state, over the objection of the defendant, was permitted to exercise its sixth peremptory challenge. Against the juror called to take the place of the one last challenged, the defendant requested the right to exercise a seventh peremptory challenge, which request the court refused. Error is assigned on these rulings, but we think the court but followed the Statutes. * * *

"It will thus be seen that, after the panel is filled and passed for cause, a party waiving the right to a peremptory challenge waives it only as to the jurors then in the jury box. If the other party thereafter exercises the right of challenge, it revives the right of the other side to challenge the juror called to take the place of the one challenged. * * *"

*State v. Caseday,* 58 Or 429, 115 P 287, in referring to the 1909 enactment which is now ORS 17.160, said, "That section was adopted substantially from the laws of the State of Washington." There are two differences between the Oregon and Washington statutes. The Washington act requires the plaintiff to exercise the first challenge and gives to

the parties a larger number of challenges than the Oregon act. Those differences are immaterial to the issue before us.

*Hoskins v. Dwight,* 69 Or 558, 139 P 922, states:

"When the statute of another state has been incorporated in the laws of Oregon, the interpretation placed upon the enactment by the court of last resort of the state from which the law was taken and made before its adoption in this state governs the construction to be placed upon it in Oregon."

*State v. Caseday,* supra, states:

"* * * the action of the court may be defended on the principle that, having adopted the statute of another State, we adopt with it the judicial construction given to the statute by the courts of that State. Crawford v. Roberts, 8 Or, 324; McIntyre v. Kamm, 12 Or. 253 (7 Pac. 27); Trabant v. Rummell, 14 Or. 17 (12 Pac. 56); Everding v. McGinn, 23 Or 15 (35 Pac. 178). * * *"

See, to like effect, *Getchell v. Walker,* 129 Or 602, 278 P 93.

■ We believe that ORS 17.160 requires the parties to exercise their peremptory challenges alternately, beginning with the plaintiff and continuing until one of them is satisfied with the jury as it is then constituted and waives his next challenge. His omission to exercise his next challenge does not prevent the opposing party from exercising his. Neither party, of course, may exercise more than three peremptory challenges. The peremptory challenge waived by either party upon its becoming satisfied with the jury as then constituted may later be exercised upon a juror who is called to the box subsequent to the time the challenge was waived. In short, we adopt the

view stated in the two Washington decisions from which we quoted.

From the views just expressed it follows that the challenged ruling was in error.

The next question occurs whether we should deem the error prejudicial to the State. The error that was committed and of which we have just taken notice affected "the right to reject, not to select" a juror. It affected a right of procedure, but not of substantive law. Busch, Law and Tactics in Jury Trials, §§ 139, 143, pages 798, 812. We take the following from a discourse by Justice Traynor entitled "The Work of the Appellate Courts" which appears in 24 Chicago Law Review 211, at page 222:

"* * * Suppose there is a denial of a statutory right to a peremptory challenge and hence one unwanted juror. There is no great likelihood that he would affect the result, given the assumption that jurors act reasonably, particularly in a civil action requiring the vote of only nine jurors for a verdict as in our state. In addition, there is no right to any particular jury. But since there is no way for a party deprived of his peremptory challenge to show prejudice, there is no sanction to enforce his right unless violation thereof is adjudged automatically prejudicial. Moreover, there are times when reversal is necessary to secure compliance with the law in future cases. * * *"

■ ORS 19.125 (2) withholds reversal except for "error substantially affecting the rights of the parties." Unless an error such as the one just noted results in reversal, the right that was given by the statute is an empty one. We believe that the error should be deemed prejudicial automatically.

The judgment of the circuit court is reversed and the case remanded.