## REED v. DOUGLAS.

Former Adjudication : HOW FAR BINDING : PRIVIES. In an action by plaintiff against T., to set aside tax deeds and quïet his title, he alleged ownership in himself, and that allegation was denied in the answer. Judgment was rendered according to the prayer of the petition, but plaintiff was required by the judgment to pay to T. the amount of the taxes which he had paid on the land, and plaintiff paid the same. Before the judgment was rendered, T. became possessed of the same claim of title which defendant in this case asserts against plaintiff, and he afterwards conveyed the land by warranty deed to defendant herein. *Held* that, by the judgment against T., not only he, but defendant herein as his privy, was estopped from either asserting title in himself, or denying plaintiff's ownership of the property ; the rule being that a judgment operates as an estoppel upon parties and privies, not only as to all matters in issue, but as to all controverted points upon which the verdict or finding was rendered, and as to all defenses which might have been pleaded. (See cases cited in the opinion.)

*Appeal from Madison District Court.*—HON. J. H. HENDERSON, Judge.

FILED, MARCH 12, 1888.

ACTION in equity to quiet the title to certain real estate. The judgment below was for plaintiff, and defendant appeals.

*Ruby & Wilkin*, for appellant.

*J. B. Westfall* and *V. Wainwright*, for appellee.

REED, J.—On the twentieth of November, 1871, Hannah J. Stanton acquired title to the property in question by conveyance from David Stanton, her husband. On the twenty-seventh of April following, she and her husband executed a mortgage on the property to Dennis & Keyes to secure an indebtedness of $408.30. Plaintiff afterwards became the owner of that note and mortgage, and in 1876 he brought suit thereon in the Madison circuit court, and recovered a judgment for the amount of the indebtedness, and for the foreclosure of the mortgage. On the tenth of October, 1872, the treasurer of the county executed to John McLeod a tax deed of the premises, under a sale for delinquent taxes, and on the twelfth of the same month McLeod conveyed the premises to Francis Davis. On the twentieth of September, 1876, the Stantons executed to plaintiff a quit-claim deed, and on the twelfth of December, 1876, Davis executed to him a like conveyance. Those conveyances were intended to cover the property in question, but the description was defective, and on the tenth of February, 1880, Davis executed a second deed, intended to correct the mistake, but the description in that conveyance of the property was also defective. These conveyances were executed in pursuance of an agreement between Stanton and plaintiff, whereby the latter was to accept the premises in satisfaction of the debt secured by the Dennis & Keyes mortgage. On the fifteenth of September, 1875, Layton Jay recovered a judgment against David Stanton in the circuit court for $394.33, on which execution issued August 14, 1876, which was levied on the property, and the same was sold at sheriff's sale, on the twenty-seventh of September following, to James Tumilty, to whom the sheriff executed a deed November 22; 1877, and on the twenty-fourth of February, 1880, Tumilty executed a conveyance

to J. R. Thompson, who, on the eighth of March, 1886, gave a warranty deed to defendant. Davis and Stanton also, on the twenty-sixth of January, 1886, executed a quit-claim deed of the premises to Thompson. On the third of March, 1877, and the twenty-eighth of January, 1879, Thompson also obtained tax deeds of the property under sales for delinquent taxes. Plaintiff brought an action in the district court against Thompson to cancel those deeds and quiet in him the title to the property. Judgment was entered in that action on the twenty-seventh of February, 1880, quieting plaintiff's title, but establishing a lien on the property for the amount of the taxes paid by Thompson, and providing for a sale on special execution for the satisfaction of the lien. Plaintiff, however, subsequently discharged it by paying the amount found to be due. Defendant alleged that he was an innocent purchaser for value. Also that the agreement between plaintiff and Stanton, under which the conveyance from Davis and Stanton to plaintiff was executed, was that plaintiff, as part of the consideration, was to pay the Layton Jay judgment against Stanton, and that the deeds were deposited with a third party in escrow until that agreement should be performed, but that plaintiff subsequently obtained possession of them, and asserted title under them, refusing at the same time to perform the agreement. He also alleged that Davis held the title to the property in trust for Stanton, who was the real owner thereof at the time of the execution sale to Tumilty; and in a cross-petition, alleging these facts, he prayed that his title be quieted. Plaintiff, in his reply, pleaded the judgment rendered in the action against Thompson in bar, alleging that defendant is now estopped by that adjudication from either asserting title in himself or denying plaintiff's ownership of the property.

We are of the opinion that the plea of estoppel should be sustained. The relief demanded by plaintiff in the action against Thompson was the setting aside of the tax deeds and the quieting of his title to the property. His ownership was necessarily drawn in question;

for, unless he was the owner, he was entitled to no relief in the action. He alleged in his petition, that he was the absolute owner of the property, and that allegation was denied in the answer. The judgment, then, necessarily determines not only that the tax deeds were invalid, but that plaintiff was the owner of the property. A judgment operates as an estoppel not only as to all matters in issue, but as to all points controverted upon which the verdict or finding was rendered. *Cromwell v. County of Sac*, 94 U. S. 351; *Haight v. City of Keokuk*, 4 Iowa, 199; *Delany v. Reade*, 4 Iowa, 292; *Shirland v. Union Nat. Bank*, 65 Iowa, 96. It will be observed that the conveyance from Tumilty to Thompson was executed pending the action, so that the latter could have pleaded the same claim of title in that action which defendant asserts in this. It makes no difference that the conveyance was after the issue was joined, for under our system of pleading he would have been permitted to set up the claim, by proper amendment, at any time before the judgment was entered. Another consideration quite as conclusive of the question grows out of the fact that plaintiff was required by the judgment to pay the amount of the tax which Thompson had paid upon the land. That provision of the judgment was favorable to Thompson, and he has had the benefit of it; and neither he nor his privies will now be permitted to assert a claim which he owned and might have asserted in the former action, and which, if valid, would not only have defeated any recovery by plaintiff, but would also have prevented the establishment of the right which Thompson secured by the judgment.

AFFIRMED.