Argued Jan. 21, decided Jan. 28, rehearing denied Feb. 25, 1913.

## HOLTON v. HOLTON.

(129 Pac. 532.)

**Appeal and Error—Notice of Appeal—Undertaking.**

1. Though the notice of appeal does not sufficiently designate the judgment appealed from, nor the court to which the appeal is taken, the undertaking may be examined together therewith to supply the defects.

**Appeal and Error—Final Order—Order After Judgment—"Order Affecting a Substantial Right."**

2. Where, after a decree of divorce, application was made to have an allegation as to the residence of the plaintiff inserted into the complaint which was necessary to jurisdiction, and it was entered after a hearing over the objections of the defendant, such decision was a final "order affecting a substantial

right," and was appealable under Section 548, L. O. L., providing that such an order for the purpose of being reviewed shall be deemed a judgment or decree.

**Divorce—Jurisdiction—Pleading.**
3. Where the complaint in a divorce case failed to allege plaintiff's residence in the State for a year, but did state the defendant's residence, the court did not have jurisdiction, and the appearance of the parties affected nothing, and the whole proceeding was void; Section 509, L. O. L., requiring that the plaintiff reside in the State for a year, being mandatory, and prescribes an essential element of the jurisdiction of the subject-matter.

**Pleading—Time for Amendment.**
4. Section 102, L. O. L., providing that a court at any time before trial, or before a cause is submitted, may allow a pleading or proceeding to be amended, when the amendment does not substantially change the cause of action or defense, does not give the court power to allow an amendment to a pleading after final decree.

**Pleading— Amendment— Void Suit— "Substantially Change the Cause of Action."**
5. The allowing of the insertion of an allegation of the residence of the plaintiff into the complaint in a divorce case was "substantially to change the cause of suit" under Section 102, L. O. L., allowing the court to permit amendments to pleadings and proceedings when they do not substantially change the cause of action or defense, since it changed a void proceeding to something efficacious.

**Courts—Jurisdiction—Amendments.**
6. Jurisdiction over the subject-matter of a suit cannot be acquired by a mere amendment subsequent to the final submission of the cause, since a court cannot move affirmatively until it has jurisdiction.

**Appeal and Error—Appeals From Void Orders.**
7. The mere fact that an order was void because out of time and dependent upon a proceeding originally void does not render it not appealable.

From Washington:   JAMES U. CAMPBELL, Judge.

Statement by MR. JUSTICE BURNETT.

This is a suit for divorce by Frank Holton against Josephine Holton. The parties were married January 4, 1906, at Vancouver, in the State of Washington. On February 3, 1910, the husband as plaintiff filed in the circuit court of Washington County, Oregon, a complaint for divorce, in which he alleged "that the defendant now is and for more than one year last past has been a resident, inhabitant, and domiciled within the State of Oregon, and that such residence and inhabitancy has been actual, continuous, and *bona fide*," but said nothing whatever about his own residence. On February 24, 1910, an attorney in the employ and pay of the plaintiff, but authorized by the defendant, entered an appearance for the wife consenting that the suit go to trial without further notice, and waiving all right to plead or be heard therein. On the same day testimony was taken and reported by a referee and a decree of divorce rendered in favor of plaintiff so far as the court might lawfully adjudicate the matter. The findings of fact upon which the decree was based followed the very words of the complaint in respect to the residence of the parties. On May 15, 1911, almost 15 months after the rendition of the decree, the plaintiff applied to the circuit court to correct the complaint so as to change the word "defendant" to "plaintiff" in order to show that the latter, instead of the former, had resided in the State for more than one year prior to the commencement of this suit, and to change the findings of fact in the same manner. The defendant appeared specially by different counsel of her own choosing to resist the motion. Disregarding the retainer and appearance of other counsel, the attorney engaged by the plaintiff to represent the defendant at the beginning of the suit appeared and consented to the allowance of the motion to correct the complaint and findings. Overruling the objections of the defendant urged by her counsel

under her special appearance the court on May 15, 1911, entered *nunc pro tunc* as of February 24, 1910, an order allowing the motion and making the alterations desired. From this order the defendant appeals.        REVERSED.

For appellant there was a brief over the names of *Mr. John F. Logan* and *Mr. Isham N. Smith*, with an oral argument by *Mr. Smith*.

For respondent there was a brief over the names of *Mr. John C. Shillock* and *Messrs. O'Day & Haddock*, with oral arguments by *Mr. Shillock* and *Mr. Dan J. Malarkey*.

MR. JUSTICE BURNETT delivered the opinion of the court.

1. It is first necessary to dispose of a motion filed by the plaintiff to dismiss this appeal on the grounds that notice is insufficient, in that it does not designate the court to which the appeal is taken, nor sufficiently describe or identify the decree appealed from, and that it appears from the transcript that no decree was rendered on May 15, 1911. Further reasons are specified, but they are only elaborations of those mentioned. The notice, besides containing the title of the court and cause and direction to the plaintiff and his attorney, naming him, reads as follows:

"You and each of you are hereby notified that the defendant, Josephine Holton, has this day appealed from that certain decree entered against this defendant on the 15th day of May, 1911, by Judge J. U. Campbell, in the County of Washington, State of Oregon, and has appealed from the decree and the whole thereof."

This notice was signed by the attorneys for defendant, service thereof accepted by the attorney for the plaintiff, November 14, 1911, and was filed the next day. The undertaking on appeal after the same title of court and cause contains this preamble:

"Whereas the defendant in the above-entitled circuit court appeals to the Supreme Court of the State of Ore-

gon from an order made and entered against the defendant in the said cause in said circuit court in favor of the plaintiff in the said cause and against the defendant on the 15th day of May, A. D. 1911, for an order attempting to correct the complaint, findings of fact, conclusions of law, and the decree, now therefore," etc.

Then follows the usual form of undertaking on appeal. "The undertaking on appeal may be examined in order to identify the judgment or the decree sought to be reviewed." *Moorhouse* v. *Donica,* 13 Or. 435 (11 Pac. 71) ; *Salem Traction Co.* v. *Anson,* 41 Or. 562 (67 Pac. 1015: 69 Pac. 675) ; *Keady* v. *United Rys. Co.,* 57 Or. 325 (100 Pac. 658: 108 Pac. 197). Taking the notice and the undertaking together, we are convinced that here was sufficient data in the hands of the plaintiff to identify fully the proceeding of the circuit court to which objection is made and to disclose the tribunal to which the appeal is taken.

2. The plaintiff urges that the order of the court on May 15, 1911, was not a decree and relies upon Section 534, L. O. L., which reads thus:

"Every direction of a court or judge made or entered in writing and not included in a judgment or decree is denominated an order."

Turning, however, to Section 548, L. O. L., we find that among other things "a final order affecting a substantial right and made in a proceeding after judgment or decree * * for the purpose of being reviewed shall be deemed a judgment or decree." Here was an order made in a proceeding after a judgment or decree. Having fully determined on their merits the matters involved in the application to correct the complaint and the findings, the ensuing order of the court was a final order. In the sense that it undertook to inject into the complaint an allegation about the residence of the plaintiff where no such averment existed before, and in that manner to give jurisdiction to the court to render the decree,

the order affected a substantial right. There are therefore present in the order of May 15th all the elements of an appealable decree as defined by Section 548, L. O. L. The motion to dismiss the appeal must be denied.

3. On the merits we read in Section 509, L. O. L., that:

"In a suit for the dissolution of the marriage contract the plaintiff therein must be an inhabitant of the State at the commencement of the suit and for one year prior thereto which residence shall be sufficient to give the court jurisdiction without regard to the place where the marriage was solemnized or the cause of suit arose."

This mandatory language about the habitat of the plaintiff prescribes an ingredient of the jurisdiction of the subject-matter in a litigation of this kind. This is a manifest deduction to be drawn from the case of *Parrish* v. *Parrish,* 52 Or. 160 (96 Pac. 1066). In that case the plaintiff failed to allege in the complaint that he had been an inhabitant of the State at the commencement of the suit, and for one year prior thereto. The defendant appeared, filed her answer, and contested the suit to final decree in her favor. On the plaintiff's appeal this court set aside the findings of the court below and dismissed the complaint. On the face of the complaint in the case at bar the court had no jurisdiction over the subject-matter of the suit. The appearance of the parties did not cure this defect; for, while this may confer jurisdiction over their persons where the court has already jurisdiction over the subject-matter of the suit, yet, in the absence of this latter element, personal submission to the jurisdiction of the court effects nothing. Mere consent cannot confer jurisdiction in such cases.

4. While under the provisions of Section 102, L. O. L., a court at any time before trial or before a cause is submitted may allow a pleading or proceeding to be amended in many respects when the amendment does not substantially change the cause of action or defense,

it does not possess such power after the case has gone to final decree. *Scott* v. *Ford,* 52 Or. 299 (97 Pac. 99).

5. In any view, the amendment was not permissible under that section, for its purpose was substantially to change the cause of suit from what was void to something efficacious.

6. Jurisdiction over the subject-matter of a suit cannot be acquired by a mere amendment subsequent to the final submission of the cause. Archimedes boasted, "Give me a place to stand and I will move the world." So it is, in order to give a court authority to move affirmatively in a suit, it must first have jurisdiction over the subject-matter. Its lack of such jurisdiction having been apparent on the face of the record, the court *in limine* ought to have refused to proceed further, and after decree when the matter was called to its attention, even informally, it ought to have swept it from its records, especially in a case so permeated with collusion as this was at the outset.

7. Although the order of May 15, 1911, was void because out of time and dependent upon a proceeding originally void, yet it is none the less appealable. *Smith* v. *Ellendale Mill Co.,* 4 Or. 70; *Sturgis* v. *Sturgis,* 51 Or. 10 (93 Pac. 696: 15 L. R. A. [N. S.] 1034: 131 Am. St. Rep. 724). Something was said at the argument about fraud and imposition practiced upon the defendant on the one hand and the fact that the plaintiff had contracted another marriage; but with these things we have nothing to do. We deal with the record of the case before us.

The order appealed from is reversed.     REVERSED.