Argued September 23, reversed October 14, 1919.

## FARMERS & FRUIT-GROWERS' BANK *v*. DAVIS.

(184 Pac. 275.)

**Appeal and Error—Sufficiency of Notice of Appeal.**

1. Under Section 550, subdivision 1, L. O. L., notice of appeal specifying the court in which the judgment was rendered, giving the names of the parties, and notifying defendant and his attorney that plaintiff appealed to the Supreme Court from the judgment for defendant and against plaintiff, entered in a named court on a given date, the undertaking on appeal served on defendant reciting that the appeal was to the Supreme Court, *held* sufficient.

**Appeal and Error—Extension of Time for Filing Transcript not Beyond Next Term.**

2. Under Section 554, subdivision 2, L. O. L., where the next term of the Supreme Court after an appeal perfected January 16th commenced March 4th and ended October 7th, when the next term began, the time for filing transcript was not extended beyond the next term by orders the last of which prescribed the time as until August 5, 1918.

**Exceptions, Bill of—Sufficiency of Bill Containing Transcript of All the Evidence.**

3. Bill of exceptions portraying all proceedings of the trial, and certified to by the trial judge, to which a transcript of all the evidence was attached, *held* sufficient.

**Judgment—No Necessity to Plead Estoppel by Judgment not Relied on as Bar.**

4. The rule that an estoppel by judgment to be available must be pleaded does not apply where the judgment, instead of being relied on as a bar to the action, is sought to be introduced in evidence merely as conclusive of some particular fact previously adjudicated.

**Pleading—Sufficiency of Complaint in Replevin Alleging Ownership and Right of Possession.**

5. In replevin for possession of a bond, the complaint alleging that plaintiff was the owner and entitled to possession was sufficient without amendment; plaintiff not being required to plead its evidence.

**Judgment—Effect as Estoppel in Subsequent Litigation.**

6. While the doctrine of the effect of a judgment as an estoppel in a subsequent action is limited to matters involved in the litigation, it is generally held to be equally applicable whether the point decided is the ultimate vital point, or only incidental, if necessary to decision of the ultimate point.

**Judgment—Conclusiveness in Subsequent Litigation as to Matters Necessarily Though not Directly Determined.**

7. Judgment in a prior suit is deemed final and conclusive in subsequent litigation between the parties or their privies as to a matter necessarily determined or implied in reaching the final judgment, though no specific finding may have been made thereon, and even though it was not raised as an issue by the pleadings.

**Judgment—Conclusiveness as to Person Standing in Shoes of Parties Defendant.**

8. Judgment in action by payee of note against the makers *held* conclusive, in the payee's action to recover a bond from the person holding it in the right of the makers, as to whether bonds had been paid for by the payee, so that it acquired title to them.

**Evidence—Admission by Maker of Note Competent Against Stakeholder Claiming Bond for Maker.**

9. Any admission or claim by makers of a note in regard to the point whether certain bonds were received by the payee bank in part payment *held* admissible, as against a disinterested stakeholder claiming title to a bond against the bank for the makers.

From Jackson: FRANK M. CALKINS, Judge.

Department 2.

Action by the Farmers & Fruit-growers Bank against F. Roy Davis. From judgment for defendant, plaintiff appeals. Reversed and rendered.

For appellant there was a brief and an oral argument by *Mr. Porter J. Neff.*

For respondent there was a brief and an oral argument by *Mr. W. E. Crews.*

BEAN, J.—This is an action for the possession of one bond of the Medford Printing Company of the par value of $100. There are seven other like bonds in the same condition. The complaint is in the usual

form alleging ownership and right of possession. The answer denies the same. The cause was tried by the court without the intervention of a jury. Findings of fact were made and a judgment passed in favor of defendant from which judgment plaintiff appeals.

The facts out of which the case arose are substantially as follows: On May 4, 1910, J. F. Reddy and John R. Allen gave the plaintiff their promissory note for $3,487. Thereafter, plaintiff commenced an action on the note and attached certain property belonging to Allen and Reddy. In order to obtain the release of the attachment and a dismissal of the suit, J. F. Reddy and Mary F. Reddy gave to plaintiff their note for $3,662.75, being the amount of the Allen-Reddy note and interest and costs of the action. This note was held as collateral for the original Allen-Reddy note. Payments were made and credited upon it from time to time, and it was renewed at different times. In the meantime John R. Allen had made an assignment of his property to certain trustees for the benefit of his creditors. Among the property so assigned were certain bonds in the Medford Printing Company, of which those in controversy were a part. On December 12, 1911, the trustees of John R. Allen being unable to sell these bonds advantageously, distributed the bonds among the creditors as a dividend on the basis of their value being 90 per cent of par. Plaintiff as its dividend on the Allen-Reddy note received $800 par value of these bonds, 90 per cent of which is $720, and $26.43 in money to equalize its dividend. Plaintiff credited the cash payment on the collateral note of Reddy and wife, but held the bonds claiming the same to be collateral security without crediting the value of the bonds. In September, 1914, plaintiff commenced an action against Reddy and wife on the last renewal of

93 Or. —42

their collateral note for $3,338.66, dated April 24, 1914, with interest at 8 per cent per annum from date, asserting no part thereof had been paid except $24, paid July 7, 1914. Plaintiff claimed $350 as reasonable attorney's fees in the action. There was no controversy in regard to the amount of the attorney's fees. The Reddys answered in that action setting up two defenses. The only one here material being that the original Allen-Reddy note had been paid. A trial was had upon the issues in the Circuit Court. A complete transcript of the proceedings of that trial is attached to the bill of exceptions. Upon the issue of the payment of the original Allen-Reddy note, the defendants Reddy and wife claimed and introduced testimony tending to show that the receipt by plaintiff in that case, and the plaintiff here, of the $800 par value of the Medford Printing Company bonds was a payment on the Allen-Reddy note at the agreed value of $720. Plaintiff opposed the allowance of this credit claiming that the bonds were held as collateral to the notes and not as payment thereon. The issue thus raised was submitted by the court to the jury in the following language:

"Now the evidence that was offered tends to show that a certain amount was received in money on the indebtedness and a certain amount in bonds of the Tribune Printing Company. I say, that there was on the indebtedness, I will withdraw that and say that the evidence tends to show that a certain amount of money was paid and a certain amount of bonds were given as a result of this trust agreement—that is the dividend that was coming to the plaintiff on this trust agreement. The defendant contends that both the money that was paid and the value of the Tribune bonds should be indorsed on this note as payment or on this indebtedness as payment. The plaintiff, on the other hand, contends that the understanding was

that the money received should be indorsed on the indebtedness but that the Tribune bonds that were received should be held and any moneys received from them should be indorsed on the indebtedness and whenever the note was paid in full, that is, the note that is sued upon here is paid in full, that if the bonds had not been paid that they should be turned back to Dr. Reddy.

"There is a direct issue on that question and it will be for you to decide whether or not the value of the bonds should be indorsed on the indebtedness or should be disregarded by you. If the plaintiff's contention is true that they simply hold the bonds as collateral for the notes and that the bonds had not been sold or reduced to cash they should not be indorsed on the note. If the defendant's contention is true that the bonds were accepted as cash payment then of course that amount should be deducted from the amount due on the note."

No other evidence was offered by the defendants Reddy tending to show any other payment ever having been made upon the notes which had not been credited. The jury returned the verdict for $3,210.17, including interest and attorney's fees, for which judgment was entered on February 29, 1916. Upon the trial of the present case, the plaintiff offered in evidence the record in the former action on the note in the case of *Farmers & Fruit-growers' Bank* v. *J. F. Reddy and Mary F. Reddy,* for the purpose of showing that the verdict and the judgment established the fact as between plaintiff and the Reddys that the bonds were received by the bank as absolute payment on the Allen-Reddy note and on the collateral note of Reddy and wife, and that credit was given therefor by the verdict of the jury, and judgment rendered thereon.

After the rendition of the judgment in the action on the note and for the purpose of inducing the defend-

ants to pay the judgment, plaintiff entered into a stipulation with the Reddys in the following language:

"It is hereby agreed between Mary F. Reddy and J. F. Reddy, parties of the first part, and Farmers and Fruit-growers' Bank, parties of the second part:

"That the judgment held by the Farmers and Fruit-growers' Bank against the Reddys shall be paid.

"Two: That the bonds of the Medford Printing Company in the amount of eight hundred dollars shall be delivered by the Bank to F. Roy Davis, and that thereupon the Farmers and Fruit-growers' Bank shall commence an action in replevin for the said bonds against said Davis; that in said replevin action said Davis shall have the right to set up as defense any right or claim which the Reddys have to the bonds and employ W. E. Crews to defend the case without cost to F. Roy Davis.

"It is the intention that in said replevin action the respective rights of the Farmers and Fruit-growers' Bank and the said Reddy shall be determined, the Farmers and Fruit-growers' Bank assuming that burden of the plaintiff and that the transfer of the bonds to said Davis and the payment of the judgment by said Reddy shall in no manner affect the rights of either party to said bonds.

"It is further agreed that this agreement shall in no way legally affect the replevin action on trial or the manner of its appeal."

Pursuant to this stipulation the bonds were turned over to the defendant Davis by plaintiff. Formal demand for their return was made and refused, and this action was commenced. Some preliminary questions are submitted in a rather irregular way. They should properly have been presented before the time of the argument upon the merits.

Rule 23 of this court, 89 Or. 720 (173 Pac. x), of date September 2, 1918, provides among other things that—

"All motions must be filed within ten days after a party or his attorney obtains knowledge of an alleged failure of the adverse party or his attorney to comply with the requirements of the statute or with the rules of this court, and unless so filed all defects, except objections to the jurisdiction of the court, will be taken as waived by the moving party."

1. In the brief of respondent, it is urged that the notice of appeal is insufficient to confer jurisdiction for the reason it does not sufficiently describe the judgment appealed from or the court appealed to. The notice of appeal specifies the court in which the judgment was rendered, gives the name of the parties to the action, notifies the defendant and his attorney that the plaintiff "appeals to the Supreme Court from the judgment in the above-entitled action in favor of defendant and against plaintiff, entered in the above-named court on November 17, 1917, and from the whole of said judgment."

Subdivision 1 of Section 550, L. O. L., provides that—

"Such notice shall be sufficient if it contains the title of the cause, the names of the parties, and notifies the adverse party or his attorney that an appeal is taken to the supreme or circuit court, as the case may be, from the judgment, order, or decree, or some specified part thereof."

It was held in *Fraley* v. *Hoban*, 69 Or. 180 (133 Pac. 1190, 137 Pac. 751), that a notice of appeal which correctly specifies the court in which the judgment was rendered, gives the names of the parties to the action, the date of the judgment, and informs the adverse party that an appeal from the judgment has been taken, is sufficient without any other description. And in *Holton* v. *Holton,* 64 Or. 290 (129 Pac. 532, 46

L. R. A. (N. S.) 779), it was held that a notice of appeal which does not specify to what court the appeal is taken, nor fully describe the decree, is sufficient when by reference to the undertaking the missing particulars are supplied: See, also, *MacMahon* v. *Hull,* 63 Or. 133 (119 Pac. 348, 124 Pac. 474, 126 Pac. 3) ; *Raiha* v. *Coos Bay Coal & Fuel Co.,* 77 Or. 275 (143 Pac. 892, 149 Pac. 940, 151 Pac. 471).

In the present case, the undertaking upon appeal, which was served upon the defendant, recites that the appeal of the above-entitled action is to the Supreme Court of the State of Oregon.   The notice of appeal substantially conforms to the statute and was sufficient to inform the respondent and his counsel that an appeal was to be taken from the judgment mentioned therein.   The point is not well taken.

2. A question is also raised by respondent in his brief in regard to the extension of the time for filing the transcript.   The appeal was perfected January 16, 1918.   Orders were made from time to time by the trial court extending the period for filing the transcript.   The last order prescribed such time as until August 5, 1918.   Section 554, subdivision 2 (See Laws 1913, p. 619), provides for an order enlarging the time for filing the transcript upon appeal, but such order shall not extend the time for filing the transcript beyond the term of the Supreme Court next following the appeal.   The next term of this court after the appeal commenced on March 4, 1918, and ended October 7, 1918, when the next term began, hence the time for filing the transcript was not extended beyond the next term of this court.   The objection is not well taken: See *Emery* v. *Brown,* 63 Or. 264 (127 Pac. 682). It is claimed on behalf of respondent that the time al-

lowed for filing brief would in effect put the case over the October term, but this cannot be considered.

3. Counsel for respondent asks that the bill of exceptions be stricken out for the reason that it contains a transcript of all the evidence and all the proceedings had at the trial. The bill of exceptions portrays all of the proceedings of the trial of the cause, and is certified to by the trial judge. A transcript of all of the evidence is attached thereto. Under the rule announced and fully discussed in *Malloy* v. *Marshall-Wells Hardware Co.*, 90 Or. 303 (173 Pac. 267, 175 Pac. 659, 176 Pac. 589), by Mr. Justice McCAMANT, and affirmed in an opinion by Mr. Justice HARRIS, relating to the bill of exceptions, that in the present case is sufficient. Further discussion is unnecessary and would only consume space.

Considering the case on the merits—a careful computation of the interest on the note sued upon in the former action plainly shows that the $720, the value of the bonds in question, was credited by the jury upon the note. There was a slight discrepancy in the figures, but it is not material. Objection was made by counsel for defendant to the introduction of the record of the former judgment as evidence for plaintiff which was sustained by the court. It was admitted temporarily, but the certificate of the trial judge states that the objection to the introduction of that record was sustained for the reason that the judgment in the former action was not pleaded by plaintiff as an estoppel or bar to the present action, to which ruling counsel for plaintiff duly saved an exception. Plaintiff asked permission to file an amended complaint setting up the estoppel which was denied by the court over the exception of counsel for plaintiff. This is the main question for determination in this case.

4. The rule that an estoppel by judgment to be available must be pleaded does not apply where as in the case at bar the judgment instead of being relied upon in bar of the action, is attempted to be introduced in evidence merely as conclusive of some particular fact formerly adjudicated. In such case, it need not be pleaded in order to make it conclusive. The rule is stated in *Swank* v. *St. Paul City Ry. Co.,* 61 Minn. 423 (63 N. W. 1088), as follows:

"A former judgment on the same cause of action, being a complete bar to a second action, must always be pleaded by way of defense: *Bowe* v. *Minnesota Milk Co.,* 44 Minn. 460 (47 N. W. 151.). But a former judgment is no bar to a second suit upon a different cause of action. It merely operates as conclusive evidence of the facts actually litigated in the first action, and upon the determination of which the finding or verdict therein was rendered, and need not be pleaded any more than any other evidence. In such a case it is proper for a party to plead his cause of action or defense in the ordinary form, leaving the judgment to be used in evidence to establish his general right."

In *Krekeler* v. *Ritter,* 62 N. Y. 372, 374, the court uses the following language:

"The record of the Superior Court was not offered or received in evidence in bar of the action, but merely as evidence of the fact in issue. Had it been offered as constituting a bar, or as an estoppel to the action, it would have been inadmissible, not having been pleaded as a defense. (Citations.) But as evidence of a fact in issue it was competent although not pleaded like any other evidence, whether documentary or oral. A party is never required to disclose his evidence by his pleadings. The evidence was competent to disprove a material allegation of the complaint traversed by the answer. As evidence it was conclusive as an adjudication of the same fact, in an action between the same parties."

5. The complaint alleges that the plaintiff is the owner of the property in question and entitled to the possession thereof. We think it is sufficient without amendment. It was not required to plead its evidence. It should be noted that the present defendant is in privity with and stands in the shoes of J. F. Reddy and Mary F. Reddy, the defendants in the former action as to the ownership of the bonds. Hence he can claim only the same right to the bonds that the Reddys have. This is plainly agreed by the stipulation set forth above. The present action is upon a different claim or demand from the former action. The general rule is stated in 15 R. C. L., Section 450, page 973, as follows:

"When the second action between the same parties is upon a different claim or demand, or cause of action, it is well settled that the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined, and not as to other matters which might have been litigated and determined. This rule holds true whether the judgment is used in pleading as a technical estoppel, or is relied on by way of evidence as conclusive *per se*. In all cases it should appear that the first judgment determined the actual question at issue between the parties, and that the precise question was raised and determined in the former suit. On the other hand it is equally well settled that a fact which has been directly tried and decided by a court of competent jurisdiction cannot be contested again between the same parties in the same or any other court, and that where some controlling fact or question material to the determination of both actions has been determined in a former suit, and the same fact or question is again at issue between the same parties, its adjudication in the first will if properly presented be conclusive of the same question in the latter suit, without regard to whether the cause of action is the same or not, or whether the second suit

involves the same or a different subject matter, or whether or not it is in the same form of proceeding."

6, 7. The law applicable is stated in substance as follows: While the doctrine of the effect of a judgment as an estoppel in subsequent action is limited to matters involved in the litigation, it is generally held to be equally applicable whether the point decided is, of itself, the ultimate vital point, or only incidental, if still necessary to the decision of that point, and a judgment in a prior suit is deemed final and conclusive in subsequent litigation between the parties, or their privies, as to those matters necessarily determined or implied in reaching the final judgment, although no specific finding may have been made in reference thereto, and even though it was not raised as an issue by the pleadings in the former action. If the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties or their privies, and if a judgment necessarily presupposes certain premises, they are as conclusive as the judgment itself, for the judgment is an adjudication on all matters which are essential to support it. Although there are decisions to a different effect, it has been said that the foregoing principles are universally applied, no matter how much injustice may be done by their application to a particular case: 15 R. C. L., § 451, p. 976. Citing among other authorities, *Short* v. *Taylor,* 137 Mo. 517 (38 S. W. 952, 59 Am. St. Rep. 508); *Wells* v. *Boston etc. R. R. Co.,* 82 Vt. 108 (71 Atl. 1103, 137 Am. St. Rep. 987); *Bleakley* v. *Barclay,* 75 Kan. 462 (89 Pac. 906, 10 L. R. A. (N. S.) 230); *Washington etc. Steam Packet Co.* v. *Sickles,* 5 Wall. 580

(18 L. Ed. 550, see, also, Rose's U. S. Notes); *Redden* v. *Metzger,* 46 Kan. 285 (26 Pac. 689, 26 Am. St. Rep. 97); *Shelby* v. *Creighton,* 65 Neb. 485 (91 N. W. 369, 101 Am. St. Rep. 630); *Reed* v. *Douglas,* 74 Iowa, 244 (37 N. W. 181, 7 Am. St. Rep. 476); *Steinbach* v. *Relief Fire Ins. Co.,* 77 N. Y. 498 (33 Am. Rep. 655). See, also, 23 Cyc., pp. 1431, 1524, and cases cited under note 71; *Stillwell* v. *Hill,* 87 Or. 112 (169 Pac. 1174), and cases there cited.

8, 9. In effect the payment of the value of the bonds in question upon the Reddy note was embraced in the allegations of the defendant's answer and put in issue in the former action. Circumstances in relation thereto were disclosed by the testimony and the question submitted to the jury under proper instructions, and passed upon by that tribunal, and became a part of the judgment: Freeman on Judgments (3 ed.), § 284. The defendant Davis ought not to be permitted in the present action, to claim on behalf of Dr. and Mrs. Reddy that the bonds referred to were not paid for by the bank and thereby became its property, contrary to the claim of the Reddys whom he represents, and in contravention of the verdict of the jury and the judgment of the court in the former action. Whatever might be the technical holding in regard to the former judgment, there is another reason why the record of the former case should be considered. It plainly shows that the Reddys who participated in the trial of that action asserted that the bonds were received by the bank in part payment of their note. Any admission or claim by them in regard to the matter would be admissible as against the present defendant who is an uninterested stake-holder claiming title to the bonds for the Reddys.

The record submitted in this case plainly shows that the plaintiff is the owner of and entitled to the possession of the bond described in the complaint. Therefore, pursuant to Section 3, Article VII, Constitution of Oregon, as amended November 8, 1910, the judgment of the lower court will be reversed and one entered here in favor of plaintiff as prayed for in its complaint.        REVERSED.   JUDGMENT RENDERED.

McBRIDE, C. J., and JOHNS, J., concur.

BENNETT, J., Specially Concurring.—In this case I concur with the opinion of Mr. Justice BEAN as to the admissibility of the judgment transcript of the previous trial in the action by the plaintiff against Allen and Reddy, but I think the case should be reversed and remanded for a new trial. I do not wish to concur in the implied construction of Section 3 of Article VII of the Constitution of Oregon, adopted in 1910.