On motion to dismiss appeal. Appeal dismissed December 8, 1925.

## IN RE ESTATE OF LOUIS B. DIXON.

## BESSIE M. DIXON v. BENSON DIXON, ADMR.

(241 Pac. 333.)

**Appeal and Error—Failure to Address Notice of Appeal not Fatal to Its Validity.**

1. There being nothing in Section 550, Or. L., requiring that notice of appeal be addressed to anybody, failure to address it to adverse party or his attorney is not fatal to its validity.

**Appeal and Error—Notice of Appeal, Erroneously Naming Court to Which Appeal Taken, Invalid.**

2. A notice of appeal failing to comply with Section 550, Or. L., in that it erroneously stated that appeal was taken to the Circuit

Court, which was the very court which tried case, instead of to the Supreme Court, *held* invalid, requiring dismissal of appeal.

**Appeal and Error—Appeal not Constitutional Right, but Statutory Privilege.**

3. An appeal is not a constitutional right, but a statutory privilege, and legislature has authority to prescribe conditions upon which it may be taken.

Appeal and Error, 3 **C. J.**, p. 318, n. 47, p. 1039, n. 2, p. 1202, n. 62, p. 1222, n. 22, p. 1224, n. 37 New, 39, p. 1226, n. 57.

From Klamath: A. L. LEAVITT, Judge.

In Banc.

APPEAL DISMISSED.

For the motion, *Mr. J. H. Carnahan.*

Contra, *Mr. Roy C. Taylor.*

McBRIDE, C. J.—This was a proceeding, contesting the final account of Benson Dixon, administrator of the estate of Louie B. Dixon, deceased, instituted by Bessie M. Dixon, the widow of Louie B. Dixon, deceased. The administration of the estate seems to have dragged along through the courts for five or six years until it came up for final hearing on appeal from the County Court, sitting in probate, to the Circuit Court of Klamath County, and was finally heard there upon objections to the administrator's final account. Said account was approved, from which the objector, Bessie M. Dixon, appeals. A motion is now filed in this court dismissing the appeal for want of proper notice. The notice of appeal is as follows:

"In the Circuit Court of the State of Oregon, County of Klamath.

"Equity No. 1707.

"In the Matter of the Estate of Benson Dixon, Deceased.

"Bessie M. Dixon,

Plaintiff,

v.

"Benson Dixon, as Administrator of the Estate of Louie B. Dixon, Deceased,

Defendant.

"Notice of Appeal.

"Please take notice that Bessie M. Dixon, as the widow and heir at law of the said deceased, and as the duly appointed, qualified and acting guardian of the minor heirs of said estate, to-wit: Charles Dixon, Lela Dixon, Henrietta Dixon and Louis Irving Dixon, has appealed to the circuit court of the State of Oregon, for said Klamath County, from that certain decree made and entered in the above-entitled court on the 8th day of August, 1925, by the Honorable A. L. Leavitt, said decree being in words and figures as follows, to-wit":

(Then follows a copy of the decree.)

"And the said Bessie M. Dixon, on behalf of herself and as guardian of said minor heirs, appeals from the said decree and from the whole thereof."

The usual and orderly method of preparing a notice of appeal is to give, first, the title of the court and cause; second, to address the notice to the adverse party or his attorney; third, to specify briefly the decree or part of the decree appealed from, and fourth, to state to what court the appeal is taken. As will be seen here the title of the cause is incorrectly given in that it is entitled "In the Matter of

the Estate of Benson Dixon, Deceased,"—whereas, Benson Dixon is exceedingly alive and contesting this proceeding. There is, however, in the title a saving clause by the addition of the words "Bessie M. Dixon, Plaintiff, *v.* Benson Dixon, as Administrator of the Estate of Louie B. Dixon, Deceased, Defendant," thereby curing the clerical error in the title of the cause.

1. The first objection is that the notice of appeal is not addressed to the adverse party or his attorney. The statute provides that—

"The party desiring to appeal may cause a notice signed by himself or attorney, to be served on such adverse party or parties as have appeared in the action or suit, or upon his or their attorney, at any place in the state, and file the original with proof of service indorsed thereon, with the clerk of the court in which the judgment, decree or order is entered." Section 550, Or. L.

There is nothing in this section requiring that the notice shall be addressed to anybody, but simply that it shall be served upon the adverse party or his attorney, which was done in this case. While it is somewhat out of the usual order of things to fail to so address the notice, we do not think the failure in that respect is fatal to its validity. In *Westheimer* v. *Thompson,* 3 Idaho, 560 (32 Pac. 205), where a similar question was raised, the court remarked that the objection was "decidedly attenuated."

2. Another objection is that the notice of appeal does not state to what court the plaintiff appeals. As seen by the copy of the notice, above recited, it is stated that the appeal is taken to the Circuit

Court of Klamath County, Oregon.    Section 550, Or. L., among other things, provides:

"Such notice shall be sufficient if it contains the title of the cause, the names of the parties and notifies the adverse party or his attorney that an appeal is taken to the Supreme or Circuit Court, as the case may be, from the judgment, order or decree, or some specified part thereof."

Now, it is plain, from a reading of the notice, that this section has not been complied with. It does not notify the party that an appeal is taken to the Supreme Court, but, on the contrary, notifies him that an appeal is taken to the very court which originally tried the case. This is an absurdity and, so far as compliance with the statute is concerned, that description of the court had just as well, or perhaps better, been left blank.

This court has gone a long way in sustaining appeals wherein the notice is not technically correct. See *Holton* v. *Holton,* 64 Or. 290 (129 Pac. 532), *Smith* v. *Dwight,* 80 Or. 1 (148 Pac. 477, 158 Pac. 573, Ann. Cas. 1918D, 563), and *Farmers & Fruit Growers' Bank* v. *Davis,* 93 Or. 655 (184 Pac. 275). We have even gone to the extent of sustaining a notice where the name of the court to which the appeal was taken was left blank on the theory that there was but one court to which an appeal could be taken from the Circuit Court. In other words, we have looked into the transcript to aid the notice of appeal, but we have not yet gone so far as to look into the transcript to contradict the notice of appeal.

3. The notice of appeal is the first step to be taken in reaching this court. Until that is served and filed, complying substantially with the statute, the appealing party has no right to file a transcript or

any other paper. If he does so, it is so much waste paper. We have gone to the very limit of logic in the cases above mentioned, but to hold this notice sufficient would be to say, practically, that the requirements of the statute may be one by one disregarded, and that we must travel afield and search in the transcript to find out what the party intends by his notice of appeal. We decline to go further in this direction. An appeal is not a constitutional right, but a statutory privilege. The legislature has authority to prescribe the conditions upon which it may be taken, and we decline to disregard those conditions.

The appeal will be dismissed.

                                        APPEAL DISMISSED.